1  MARK JOSEPH KENNEY (State Bar No. 87345)
   mjk@severson.com
2  BRIAN S. WHITTEMORE (State Bar No. 241631)
   bsw@severson.com
3  SEVERSON & WERSON
   A Professional Corporation
4  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
5  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
6
7  Attorneys for Defendant
   BANK OF AMERICA, N.A.

8
                        UNITED STATES DISTRICT COURT
9
          NORTHERN DISTRICT OF CALIFORNIA — SAN FRANCISCO DIVISION
10

11
   CARL RENOWITZKY,                          Case No. 3:15-cv-01016-LB
12
                 Plaintiff,                  **REQUEST FOR JUDICIAL NOTICE IN**
13                                           **SUPPORT OF MOTION FOR**
         vs.                                 **JUDGMENT ON THE PLEADINGS**
14                                           **PART 2 OF 4**
   SHELLPOINT MORTGAGE SERVICING, A
15 DIVISION OF E PENN FINANCIAL, LLC,
   BANK OF AMERICA, N.A., THE BANK OF        Date:    May 21, 2015
16 NEW YORK MELLON FKA THE BANK OF           Time:    9:30 a.m.
   NEW YORK AS TRUSTEE FOR THE               Crtrm.:  C; 15th Floor
17 BENEFIT OF THE CERTIFICATE                Judge:   Hon. Laurel Beeler
   HOLDERS OF THE CWABS INC., ASSET-
18 BACKED CERTIFICATES, SERIES 2006-         Action Filed:   March 4, 2015
   SD4 BY ITS ATTORNEY IN FACT BANK          Trial Date:     None Set
19 OF AMERICA, N.A., SUCCESSOR BY
   MERGER TO BAC HOME LOANS
20 SERVICING, LP FKA COUNTRYWIDE
   HOME LOANS SERVICING LP; ALL
21 PERSONS UNKNOWN CLAIMING ANY
   LEGAL OR EQUITABLE RIGHT, TITLE,
22 ESTATE, LIEN OR INTEREST IN THE
   PROPERTY DESCRIBED IN THE
23 COMPLAINT ADVERSE TO PLAINTIFF'S
   TITLE, OR ANY CLOUD ON PLAINTIFF'S
24 TITLE THERETO; AND DOES 1-100,
   inclusive,
25
                 Defendants.
26

27

28

1094567B.tif - 5/15/2008 12:01:40 PM

lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. Property Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

- All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with

0098620351    0507

06/06/2006 4:04:52    Form 3005   3/99

VMP®-6(CA) (9906).02    Page 6 of 15

D06-06CA (05/2005)Rev.01

1094456761:if - 5/15/2008 12:01:40 PM

the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. Occupancy. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. Preservation, Maintenance and Protection of the Property; Inspections. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. Borrower's Loan Application. Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument. If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable

0098526261 9507

-6(CA) (0605)

Page 7 of 15      06/06/2006 4:04:52      Form 3005   1/01

D06-07CA (05/2005)Rev.01

attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

0098626351 - 9507
Initials: [signature]

Form 3005   1/01

-6(CA) (0005)

Page 8 of 15       06/06/2006   4:04:52

D06-08CA (05/2005)Rev.01

1094567tt.tif - 5/15/2008 12:01:40 PM

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender

0098626351 9507

Initials:

Page 9 of 15   06/06/2006 4:04:52   Form 3005 1/01

-6(CA) (0005)

D06-09CA (05/2005)Rev.01

1094567&.tif - 5/15/2008 12:01:40 PM

to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

   13. Joint and Several Liability; Co-signers; Successors and Assigns Bound. Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

   Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

   14. Loan Charges. Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

   If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

   15. Notices. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

0098626361

Initials:

D06-10CA (05/2005)Rev.01

1094567ed.tif - 5/15/2008 12:01:40 PM

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA

0099526151-9807

-6(CA) (0005)

D06-11CA (05/2005)Rev.01

1094567A.tif - 5/15/2008 12:01:40 PM

requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. Hazardous Substances. As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

0098626351 - 9507
Initials
06/06/2006  4:04:52    Form 3005  1/01

-6(CA) (0005)

Page 12 of 15

D06-12CA (05/2005)Rev.01

1094567&.tif - 5/15/2008 12:01:40 PM

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. Substitute Trustee. Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. Statement of Obligation Fee. Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

0098626951 - 9807
Initial:

Form 2005   1/01

-6(CA) (0006)

Page 13 of 15   06/06/2006 4:04:52

D06-13CA (05/2005)Rev.01

1094567B.tif - 5/15/2008 12:01:40 PM

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____        _____ (Seal)
                                        CARL RENOWITZKY                -Borrower

_____        _____ (Seal)
                                        MICHELLE RENOWITZKY            -Borrower

_____ (Seal)          _____ (Seal)
                    -Borrower                                         -Borrower

_____ (Seal)          _____ (Seal)
                    -Borrower                                         -Borrower

_____ (Seal)          _____ (Seal)
                    -Borrower                                         -Borrower

                                        0098626351 - 9507

                                        Page 14 of 15  06/06/2006  4:04:52 PM  Form 3005  1/01

VMP  -6(CA) (0005)

(05/2005)Rev.01

10945676.tif - 5/15/2008 12:01:40 PM

State of California

County of Alameda } ss:

On 6/7/06                    before me,  K. Hart, notary public
     Day/Month/Year                                    Notary Public

personally appeared

Carl Renowitzky and Michelle Renowitzky

personally known to me (or proven to me on the basis of satisfactory evidence) to be the
person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s)
acted, executed the instrument

Witness my hand and official seal.

                                              K. Hart                    (Seal)

                                         Notary Public



K. HART
Commission # 1498335
Notary Public - California
Alameda County
My Comm. Expires Jun 29, 2008



0098626351 - 9507

06/06/2006 4:04:52 PM

400-15CA (05/2005)Rev.01

1094567B.tif - 5/15/2008 12:01:40 PM

**EXHIBIT C**

10945676.tif - 5/15/2008 12:01:40 PM

2008-0004762

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

RECONTRUST COMPANY
1757 TAPO CANYON ROAD, SVW-88
SIMI VALLEY, CA 93063

|  | Recorded | REC FEE | 12.00 |
|---|---|---|---|
|  | Official Records | | |
|  | County of | | |
|  | Marin | | |
|  | JOAN C. THAYER | | |
|  | Assessor-Recorder | | |
|  | | AO | |
|  | 11:06AM 29-Jan-2008 | Page 1 of 2 | |

Attn: Charlene Barnum
TS No. 08-04342
Title Order No. 3592741
Investor/Insurer No. 151883784

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

## IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,

and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $42,410.59, as of 01/28/2008 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

[Page 1 of 2]                                    Form lstnod (03/03)

109456576.tif - 5/15/2008 12:01:40 PM

40

TS No. 08-04342

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

BANK OF NEW YORK AS TRUSTEE FOR THE NOTEHOLDERS CWABS INC.
ASSET-BACKED NOTES, SERIES 2006-SD4006-SD4
C/O Countrywide Home Loans, Inc
400 COUNTRYWIDE WAY SV-35
SIMI VALLEY, CA  93065
FORECLOSURE DEPARTMENT (800)669-6650

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.  Remember,

## YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN THAT:  RECONTRUST COMPANY, is acting as an agent for the Beneficiary under a Deed of Trust dated 06/06/2006, executed by CARL RENOWITZKY AND MICHELLE RENOWITZKY, HUSBAND AND WIFE, AS JOINT TENANTS as Trustor, to secure certain obligations in favor of ARGENT MORTGAGE COMPANY, LLC as beneficiary recorded 06/27/2006, as Instrument No. 2006-0040391 (or Book , Page ) of Official Records in the Office of the County Recorder of Marin County, California.

Said obligation including ONE NOTE FOR THE ORIGINAL sum of $ 975,000.00.

That a breach of , and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of :  FAILURE TO PAY THE INSTALLMENT OF PRINCIPAL, INTEREST AND IMPOUNDS WHICH BECAME DUE ON 09/01/2007 AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL, INTEREST AND IMPOUNDS, TOGETHER WITH ALL LATE CHARGES, PLUS ADVANCES MADE AND COSTS INCURRED BY THE BENEFICIARY, INCLUDING FORECLOSURE FEES AND COSTS AND/OR ATTORNEYS' FEES.  IN ADDITION, THE ENTIRE PRINCIPAL AMOUNT WILL BECOME DUE ON 07/01/2036 AS A RESULT OF THE MATURITY OF THE OBLIGATION ON THAT DATE.

That by reason thereof, the present beneficiary under such deed of trust has executed and delivered to RECONTRUST COMPANY a written Declaration of Default and Demand for sale, and has deposited with RECONTRUST COMPANY such deed of trust and all documents evidencing obligations secured  thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable  and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Dated: January 28, 2008
RECONTRUST COMPANY, as Agent for the Beneficiary
By First American Title Insurance Company, as its Attorney in Fact

By _____

*Betty Perez*

[Page 2 of 2 ]

*Form lstnod (03/03)*

1094.5676.tif - 5/15/2008 12:01:40 PM



FILED

**SUPERIOR COURT OF CALIFORNIA**
County of Marin
P.O. Box 4988
San Rafael, CA 94913-4988

MAY 0 2 2008

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: C. Larson, Deputy

PLAINTIFF: Coml Marin Tavern

vs.

DEFENDANT: Countrywide Home Loans, et al

CASE NO. CV083353

**NOTICE OF CASE
MANAGEMENT CONFERENCE
(CIVIL)**

This case is subject to the Trial Court Delay Reduction Act, Government Code § 68600 et seq., and Civil Rules of the Uniform Local Rules of the Marin County Superior Court (hereafter MCSC Civil Rules).

Pursuant to California Rules of Court 3.734, this case is assigned to Judge _____ Department _____. This assignment is for all purposes.

MCSC Civil Rule 1.18 and CRC 3.110(b) and 3.221(c) requires that the Summons and Complaint, a copy of this notice, a blank Case Management Conference Statement form, and an ADR information package be served and that Proof of Service be filed within 60 days of the filing date of this Complaint. CRC 3.110(d) requires that defendants file responsive pleadings within 30 days of service, unless the parties stipulate to an extension of not more than 15 days.

1.  IT IS ORDERED that the parties/counsel to this action shall:

    a.  Comply with the filing and service deadlines in MCSC Civil Rules 1.18 and CRC 3.110, or APPEAR IN PERSON at the Order to Show Cause hearing on the dates set forth below:

    Hearing on Failure to File Proof of Service        7 / 14 / 08   9:00 A.M.

    Hearing on Failure to Answer                       6 / 11 / 08   9:00 A.M.

    b.  Appear for a Case Management Conference on      9 / 22 / 08   9:00 A.M.

2.  Telephonic appearance at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days before the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

3.  You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the CMC** and should be prepared to discuss with the court their authority to participate in ADR.

4.  Case Management Conference Statements must be filed and served on all parties, including the Court, at least 15 calendar days before the CMC. **(A $49.00 sanction will be charged for late filing of a statement.)**

    **Case Management Statement must be filed by**      9 / 5 / 08

5.  All Law and Motion matters will be heard on the calendar of the assigned Judge. Tentative Rulings may be obtained by calling (415) 473-7545 from 2:00 p.m. to 4:30 p.m. the court day preceding the scheduled hearing.

CV008                    **NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)**                    Rev. 8/07

1094567B.tif - 5/15/2008 12:01:40 PM

**SUPERIOR COURT OF CALIFORNIA**
**County of Marin**
3501 Civic Center Drive
P.O. Box 4988
San Rafael, CA 94913-4988

## NOTICE TO PLAINTIFFS

### CIVIL TRIAL DELAY REDUCTION PROGRAM
### REQUIRES PROCEDURES AND TIME LINES TO BE MET

You must serve the following documents, which you will receive from the Court Clerk's office, with the complaint, on all other parties:

- A copy of this letter
- A copy of the Notice of Case Management Conference
- Stipulation to Use of Alternative Dispute Resolution Process
- Ex-Parte Application for Extension of Time to Serve Pleading and Orders
- Case Management Statement
- Notice of Stay of Proceedings
- Notice of Termination or Modification of Stay
- Notice of Settlement of Entire Case
- Statement of Agreement or Nonagreement
- ADR Information Sheet

This service must be accomplished and *Proof of Service* must be filed within 60 days of the filing of the complaint.

The Case Management Conference will be held approximately 140 days from the filing of the Complaint. The exact date and judge assignment is indicated on the form you received in the Clerk's office when you filed your complaint.

Failure to comply with the program rules may result in the imposition of sanctions and will in each instance result in the issuance of an order that you show cause why you have not complied.

Examples of Alternative Dispute Resolution (ADR) procedures offered in Marin County include:

- Binding and non-binding arbitration
- Mediation
- Neutral case evaluation

It is important that you review these programs with your client. It will increase the possibility of your client's case being resolved at an early, and less expensive, stage of the proceedings. All judges in the civil trial delay reduction program are supportive of the use of alternative dispute resolution programs and are available to meet with you and the other parties prior to your Case Management Conference to assist in selecting the most appropriate resolution mechanism for your case.

**You are required to complete and return the ADR Information Form, ADR-100 or ADR-101, within 10 days of the resolution of the dispute.**

**Telephonic appearances at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days prior to the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.**

---

CV006                     CIVIL TRIAL DELAY PACKET COVER SHEET                     Rev. 1/08

1094567B.tif - 5/15/2008 12:01:40 PM

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address and telephone #)*: | *FOR COURT USE ONLY* |
|---|---|
| STATE BAR NO: <br> ATTORNEY FOR *(Name)*: | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN <br> 3501 Civic Center Drive <br> P. O. Box 4988 <br> San Rafael, CA  94913-4988 | |
| **STIPULATION TO USE OF** <br> **ALTERNATIVE DISPUTE RESOLUTION PROCESS** | CASE NUMBER: |

The parties to the above action have stipulated that this case be submitted for Alternative Dispute Resolution to be decided at the Case Management Conference.

Dated _____     Attorney For _____

Dated _____     Attorney For _____

CV002            STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS            Rev. 6/06

109456576.tif - 5/15/2008 12:01:40 PM

CM-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
   STREET ADDRESS:
   MAILING ADDRESS:
   CITY AND ZIP CODE:
   BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND ☐ ORDER EXTENDING TIME TO SERVE AND ☐ ORDER CONTINUING CASE MANAGEMENT CONFERENCE** | CASE NUMBER: |
|---|---|
| **Note: This ex parte application will be considered without a personal appearance. (See Cal. Rules of Court, rule 3.1207(2).)** | HEARING DATE:  DEPT:          TIME: |

1. Applicant *(name):*

  is

  a. ☐ plaintiff

  b. ☐ cross-complainant

  c. ☐ petitioner

  d. ☐ defendant

  e. ☐ cross-defendant

  f. ☐ respondent

  g. ☐ other *(describe):*

2. The complaint or other initial pleading in this action was filed on *(date):*

3. Applicant requests that the court grant an order extending time for service of the following pleading:

  a. ☐ Complaint

  b. ☐ Cross-complaint

  c. ☐ Petition

  d. ☐ Answer or other responsive pleading

  e. ☐ Other *(describe):*

4. Service and filing of the pleading listed in item 3 is presently required to be completed by *(date):*

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:

  a. ☐ None

  b. ☐ The following *(describe all, including the length of any previous extensions):*

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties *(name each):*

Form Approved for Optional Use
Judicial Council of California
CM-020 [Rev. January 1, 2008]

**EX PARTE APPLICATION FOR EXTENSION OF TIME
TO SERVE PLEADING AND ORDERS**

Cal. Rules of Court,
rules 3.110, 3.1200–3.1207
www.courtinfo.ca.gov

1094567B.tif - 5/15/2008 12:01:40 PM

CM-020

| CASE NAME: | CASE NUMBER: |
|---|---|
|  |  |

7. The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed)*:

☐ Continued on Attachment 7.

8. An extension of time to serve and file the pleading should be granted for the following reasons:

☐ Continued on Attachment 8.

9. If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date)*:

10. Notice of this application under rules 3.1200–3.1207 ☐ has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☐ is not required *(state reasons)*:

☐ Continued on Attachment 10.

11. Number of pages attached: _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)

_____
(SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

Order on Application is ☐ below ☐ on a separate document.

## ORDER

1. The application for an order extending time to serve and file the pleading is ☐ granted ☐ denied.

2. The pleading must be served and filed no later than *(date)*:

3. ☐ The case management conference is rescheduled to:
   a. Date:
   b. Time:
   c. Place:

4. Other orders:

5. A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date:

_____
JUDICIAL OFFICER

CM-020 [Rev. January 1, 2008]

**EX PARTE APPLICATION FOR EXTENSION OF TIME
TO SERVE PLEADING AND ORDERS**

Page 2 of 2

1094567tt.tif - 5/15/2008 12:01:40 PM

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:          FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|

(Check one): ☐ **UNLIMITED CASE**
(Amount demanded exceeds $25,000)
☐ **LIMITED CASE**
(Amount demanded is $25,000 or less)

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:          Time:          Dept.:          Div.:          Room:

Address of court *(if different from the address above):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint          *(describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

10945676.tif – 5/15/2008 12:01:40 PM

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☐ a jury trial   ☐ a nonjury trial   *(if more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐ The trial has been set for *(date):*
b.   ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☐ days *(specify number):*
b.   ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☐ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
☐ Additional representation is described in Attachment 8.

9.   **Preference**
☐ This case is entitled to preference *(specify code section):*

10.  **Alternative Dispute Resolution (ADR)**
a.   Counsel   ☐ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.   ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.   ☐ The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

1094.5576.tif – 5/15/2008 12:01:40 PM

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply)*:
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify)*:

   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

11. **Settlement conference**
   ☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

12. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

13. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy ☐ Other *(specify)*:
   Status:

14. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 14a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

15. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

16. **Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

1094576.tif - 5/15/2008 12:01:40 PM

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic Litigation**
a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other issues**
☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**
a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**21. Case management orders**
Previous case management orders in this case are *(check one):*   ☐ none   ☐ attached as Attachment 21.

**22.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 4 of 4

1094567E.tif – 5/15/2008 12:01:40 PM

CM-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |

TELEPHONE NO.:          FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| NOTICE OF STAY OF PROCEEDINGS | CASE NUMBER: |
| | JUDGE: |
| | DEPT.: |

**To the court and to all parties:**

1. Declarant *(name)*:

   a. ☐ is ☐ the party ☐ the attorney for the party  who requested or caused the stay.

   b. ☐ is ☐ the plaintiff or petitioner ☐ the attorney for the plaintiff or petitioner. The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:

   a. ☐ With regard to all parties.

   b. ☐ With regard to the following parties *(specify by name and party designation)*:

3. Reason for the stay:

   a. ☐ Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)*

   b. ☐ Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*

   c. ☐ Contractual arbitration under Code of Civil Procedure section 1281.4. *(Attach a copy of the order directing arbitration.)*

   d. ☐ Arbitration of attorney fees and costs under Business and Professions Code section 6201. *(Attach a copy of the client's request for arbitration showing filing and service.)*

   e. ☐ Other.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____          _____
(TYPE OR PRINT NAME OF DECLARANT)                    (SIGNATURE)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev. January 1, 2007]

**NOTICE OF STAY OF PROCEEDINGS**

Cal. Rules of Court, rule 3.650
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

1094565T6.tif - 5/13/2008 12:01:40 PM

**CM-181**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:        FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
    STREET ADDRESS:
    MAILING ADDRESS:
    CITY AND ZIP CODE:
    BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| | |
|---|---|
| **NOTICE OF TERMINATION OR MODIFICATION OF STAY** | CASE NUMBER: <br><br> DEPT.: <br><br> JUDICIAL OFFICER: |

**To the court and all parties:**

1.  A *Notice of Stay of Proceedings* was filed in this matter on *(date)*:

2.  Declarant named below is
    a. ☐ the party ☐ the attorney for the party  who requested or caused the stay.
    b. ☐ other *(describe)*:

3. ☐ The stay described in the above referenced *Notice of Stay of Proceedings*
    a. ☐ has been vacated by an order of another court. *(Attach a copy of the court order.)*
    b. ☐ is no longer in effect.

4. ☐ The stay has been modified *(describe)*:




5.  The stay has been vacated, is no longer in effect, or has been modified
    a. ☐ with regard to all parties.
    b. ☐ with regard to the following parties *(specify by name and party designation)*:



I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____      ▶      _____
(TYPE OR PRINT NAME OF DECLARANT)           (SIGNATURE OF DECLARANT)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-181 [Rev. January 1, 2007] | **NOTICE OF TERMINATION OR MODIFICATION OF STAY** | Cal. Rules of Court, rule 3.650 <br> www.courtinfo.ca.gov <br> American LegalNet, Inc. |

10945676.tif - 5/15/2008 12:01:40 PM

CM-181

| PLAINTIFF: | | CASE NUMBER: |
| --- | --- | --- |
| DEFENDANT: | | |

### PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF TERMINATION OR MODIFICATION OF STAY

*(NOTE: You cannot serve the Notice of Termination or Modification of Stay if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Termination or Modification of Stay* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Termination or Modification of Stay* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:
   a. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____          _____
(TYPE OR PRINT NAME OF DECLARANT)              (SIGNATURE OF DECLARANT)

CM-181 [Rev. January 1, 2007]          NOTICE OF TERMINATION OR MODIFICATION OF STAY          Page 2 of 2

10945676.tif - 5/15/2008 12:01:40 PM

CM-200

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| NOTICE OF SETTLEMENT OF ENTIRE CASE | CASE NUMBER: |
|---|---|
| | JUDGE: |
| | DEPT.: |

**NOTICE TO PLAINTIFF OR OTHER PARTY SEEKING RELIEF**
You must file a request for dismissal of the entire case within 45 days after the date of the settlement if the settlement is unconditional. You must file a dismissal of the entire case within 45 days after the date specified in item 1b below if the settlement is conditional. Unless you file a dismissal within the required time or have shown good cause before the time for dismissal has expired why the case should not be dismissed, the court will dismiss the entire case.

To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:

1. This entire case has been settled. The settlement is:
   a. ☐ **Unconditional.** A request for dismissal will be filed within 45 days after the date of the settlement.
      Date of settlement:
   b. ☐ **Conditional.** The settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that are not to be performed within 45 days of the date of the settlement. A request for dismissal will be filed no later than *(date)*:

2. Date initial pleading filed:

3. Next scheduled hearing or conference:
   a. Purpose:
   b. ☐ (1) Date:
        (2) Time:
        (3) Department:

4. Trial date:
   a. ☐ No trial date set.
   b. ☐ (1) Date:
        (2) Time:
        (3) Department:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ►
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)          (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
CM-200 [Rev. January 1, 2007]

**NOTICE OF SETTLEMENT OF ENTIRE CASE**

Page 1 of 2

Cal. Rules of Court, rule 3.1385
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

1094S876.tif - 5/15/2008 12:01:40 PM

**CM-200**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

### PROOF OF SERVICE BY FIRST-CLASS MAIL
NOTICE OF SETTLEMENT OF ENTIRE CASE

*(NOTE: You cannot serve the Notice of Settlement of Entire Case if you are a party in the action. The person who served the notice must complete this proof of service.)*

1.  I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2.  I served a copy of the *Notice of Settlement of Entire Case* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
    a. ☐ deposited the sealed envelope with the United States Postal Service.
    b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3.  The *Notice of Settlement of Entire Case* was mailed:
    a. on *(date):*
    b. from *(city and state):*

4.  The envelope was addressed and mailed as follows:
    a. Name of person served:

      Street address:
      City:
      State and zip code:

    b. Name of person served:

      Street address:
      City:
      State and zip code:

    c. Name of person served:

      Street address:
      City:
      State and zip code:

    d. Name of person served:

      Street address:
      City:
      State and zip code:

    ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5.  Number of pages attached _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

1094567B.tif - 5/15/2008 12:01:40 PM

ADR-100

| MEDIATOR (Name and Address): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

CASE NAME:

| STATEMENT OF AGREEMENT OR NONAGREEMENT<br>☐ First    ☐ Supplemental | CASE NUMBER: |
|---|---|

**NOTE:** This form must be used by mediators in the Civil Action Mediation Program (Code Civ. Proc., § 1775 et seq.) and in the Early Mediation Pilot Program (Code Civ. Proc., § 1730 et seq.).

1. This case was filed on *(date if known):*

2. I was selected as the mediator in this matter on *(date):*

3. Mediation *(check one):*
   a. ☐ did not take place.
      (1) ☐ A party who was ordered to appear at the mediation did not appear.
      (2) ☐ Other reason *(please specify without disclosing any confidential information):*

   b. ☐ took place on *(date or dates):*
      and lasted a total of _____ hours.

4. ☐ The mediation has not ended. I submit this form to comply with the court's requirement to do so by a specified date.

5. The mediation ended *(check one):*
   a. ☐ in full agreement by all parties on *(date):*
   b. ☐ in partial agreement
      (1) ☐ in full agreement as to the following parties:
         on *(date):*
      (2) ☐ in full agreement as to limited issues on *(date):*
   c. ☐ in nonagreement.

Date:

_____          ▶          _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF MEDIATOR)

**NOTE:** Within 10 days of the conclusion of the mediation or, when applicable, by the deadline set by the court, the mediator must serve a copy of this statement on all parties and file the original, with proof of service, with the court clerk. The proof of service on the back of this form may be used.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
ADR-100 [Rev. January 1, 2003]

STATEMENT OF AGREEMENT OR NONAGREEMENT

Code of Civil Procedure, §§ 1730, 1775.9

American LegalNet, Inc.
www.USCourtForms.com

10945676.tif - 5/15/2008 12:01:40 PM

| CASE NAME: | CASE NUMBER: |
|---|---|
| | |

## PROOF OF SERVICE
☐ Mail   ☐ Personal Service

1. At the time of service I was at least 18 years of age and not a party to this legal action.

2. My residence or business address is *(specify)*:

3. I mailed or personally delivered a copy of the *Statement of Agreement or Nonagreement* as follows *(complete either a or b)*:
   a. ☐ **Mail.** I am a resident of or employed in the county where the mailing occurred.
      (1) I enclosed a copy in an envelope and
         (a) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.
         (b) ☐ placed the envelope for collection and mailing on the date and at the place shown in items below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.
      (2) The envelope was addressed and mailed as follows:
         (a) Name of person served:
         (b) Address on envelope:

         (c) Date of mailing:
         (d) Place of mailing *(city and state)*:

   b. ☐ **Personal delivery.** I personally delivered a copy as follows:
      (1) Name of person served:
      (2) Address where delivered:

      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

**PROOF OF SERVICE FOR**
**STATEMENT OF AGREEMENT OR NONAGREEMENT**



# EXHIBIT G

| MARIN SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN | | |
|---|---|---|
| CARL RENOWITZKY | DATE FILED: | 5/2/2008 |
| Plaintiff(s) | CASE TYPE: | Civil Complaint |
| VS. | CASE SUBTYPE: | Contract/Money/Damages |
| COUNTRYWIDE HOME LOANS, ET AL | DATE OF LAST ACTIVITY: | 2/17/2009 |
| Defendant(s) | DATE/TIME RUN: | 06/11/2013 03:39 PM |
| REGISTER OF ACTIONS | CASE NUMBER: | CIV 082153 |

INVOLVED PERSON/PARTY AND ATTORNEY SUMMARY:

RENOWITZKY, CARL is the Plaintiff and is represented by: PRO PER

COUNTRYWIDE HOME LOANS is the Defendant and is represented by: BLAZEWICZ, STEPHANIE A.; SHATZ, SANFORD

ARGENT MORTGAGE COMPANY is the Defendant and is represented by:

TOWN AND COUNTRY TITLE SERVICES is the Defendant and is represented by:

RECONSTRUST is the Defendant and is represented by: BROOKS, DAVID A.

FIRST AMERICAN TITLE COMPANY is the Defendant and is represented by:

REGISTER OF ACTIONS:

| | |
|---|---|
| 05/02/2008 | CASE OPEN / ACTIVE STATUS Hon. James R. Ritchie |
| 05/02/2008 | FILING FEE PROCESSED: PLTF, CARL RENOWITZKY - 320.00 |
| 05/02/2008 | COMPLAINT/FIRST PAPER COMPLAINT FOR DAMAGES: 1) BREACH OF CONTRACT; 2) NEGLIGENT MISREPRESENTATION; 3) FRAUD, CONCEALMENT, DECEIT; 4) UNJUST ENRICHMENT AND IMPOSITION OF CONSTRUCTIVE TRUST; 5) VIOLATION OF BUS. & PROF. CODE 17200; 6) ACCOUNTING; 7) INJUNCTIVE RELIEF |
| 05/02/2008 | SUMMONS ISSUED AND FILED |
| 05/02/2008 | HEARING CONFIRMED FOR: 07/14/2008 AT: 09:00 AM FOR APPEARANCE TYPE: OSCH IN DEPARTMENT: 01 |
| 05/02/2008 | HEARING CONFIRMED FOR: 08/11/2008 AT: 09:00 AM FOR APPEARANCE TYPE: OSCH IN DEPARTMENT: 01 |
| 05/02/2008 | HEARING CONFIRMED FOR: 09/22/2008 AT: 09:00 AM FOR APPEARANCE TYPE: CMGT IN DEPARTMENT: 01 |
| 05/16/2008 | MINUTE ORDER POSTED |
| | JUDGE/PROTEM/REFEREE JAMES R. RITCHIE , REPORTER MARGARET COLLINS , DEP CLK P. OKUBO |
| | EX PARTE MINUTE ORDER APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PROHIBITING FORECLOSURE SALE UNDER DEED OF TRUST |
| | PLAINTIFF/PETITIONER CARL RENOWITZKY IS PRESENT IN PRO PER |
| | NO APPEARANCE BY OR FOR THE DEFENDANTS |
| | MOTION(S) HEARD AND ARGUED. |
| | IT IS ORDERED: |
| | NO OPPOSITION AND NOTICE GIVEN TO DEFENDANT'S COURT GRANTS APPLICATION. |
| | TEMPORARY RESTRAINING ORDER IS GRANTED. MR. RENOWITZKY TO SERVE PLAINTIFF'S MOTION FOR PRELIMINARY IN JUNCTION BY MONDAY, 5/19/08, OPPOSITION IS DUE TUESDAY, 5/27/08 AND REPLY TO OPPOSITION IS DUE THURSDAY, 5/29/08. |
| | HEARING TO BE SET FOR LAW AND MOTION 6/3/08 @ 9:00 A.M., UNLESS STIPULATED BY BOTH PARTIES TO CONTINUE DATE. |
| | ORDER SIGNED AND GIVEN TO MR. RENOWITZKY FOR FILING IN ROOM 113. |
| | IT IS ORDERED: UNDERTAKING TO BE POSTED IN THE AMOUNT OF $5,000.00 |
| | ENTERED BY: P. OKUBO |
| 05/16/2008 | NOTICE OF PENDENCY OF ACTION (LIS PENDENS) FILED BY ATTY. CARL RENOWWITZKY APPROVED, JUDGE JAMES R. RITCHIE |
| 05/16/2008 | HEARING CONFIRMED FOR: 06/03/2008 AT: 09:00 AM FOR APPEARANCE TYPE: LMCV IN DEPARTMENT: 01 |
| 05/16/2008 | IT IS ORDERED: TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION BY PLAINTIFF:  TO BE SERVED BY 5/19/08, OPPO. DUE 5/27/08, REPLY DUE 5/29/08, RESTRAINING ORDER GRANTED AND EXIRES 6/3/08. HON. JUDGE JAMES R. RITCHIE. |
| 06/03/2008 | MINUTE ORDER POSTED |

Disclaimer: This Register of Actions is not an official court record.  For an official and/or certified record, visitors must obtain it from the Court.

| MARIN SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN | | |
|---|---|---|
| CARL RENOWITZKY | DATE FILED: | 5/2/2008 |
| Plaintiff(s) | CASE TYPE: | Civil Complaint |
| VS. | CASE SUBTYPE: | Contract/Money/Damages |
| COUNTRYWIDE HOME LOANS, ET AL | DATE OF LAST ACTIVITY: | 2/17/2009 |
| Defendant(s) | DATE/TIME RUN: | 06/11/2013 03:39 PM |
| REGISTER OF ACTIONS | CASE NUMBER: | CIV 082153 |

JUDGE/PROTEM/REFEREE JAMES R. RITCHIE , REPORTER MARGARET COLLINS , DEP CLK P. OKUBO

PLAINTIFF/PETITIONER CARL RENOWITZKY IS PRESENT IN PRO PER

COURT CALL APPEARANCE BY DAVID BROOKS FOR DEFENDANTS RECONSTRUST AND COUNTRYWIDE HOME LOANS

MOTION(S) HEARD AND ARGUED.

COUNSEL BROOKS STATES PROPOSED AGREEMENT BETWEEN THE PARTIES.

IT IS ORDERED: COURT CONTINUES OSC FOR PRELIMINARY INJUNCTION TO 7/15/08 PURSUANT TO CCP 527(d)(4) AND SETS THE FOLLOWING DATES, IN LIEU OF THE TENTATIVE RULING. THE FORECLOSURE HAS BEEN CONTINUED BY DEFENDANTS TO 7/21/08.  THE MOTION HEARING DATE IS CONTINUED TO 7/15/08 AT 9:00 A.M, OPPOSITION IS DUE 7/9/08, WITH REPLY IF ANY DUE 7/11/08. PER PARTIES STIPULATION, THE TEMPORARY RESTRAINING ORDER REMAINS IN EFFECT TO 7/15/08.

HEARING CONTINUED TO: 07/15/2008 AT: 09:00 AM FOR APPEARANCE TYPE: LMCV IN DEPARTMENT: 01 FROM DATE: 06/03/2008 FROM TIME: 09:00 AM FROM APPEARANCE TYPE: LMCV FROM DEPARTMENT: 01

MR. RENOWITZKY IS ADMONISHED TO SEEK COUNSEL AND ATTEMPT TO WORK OUT THE ISSUE WITH THE DEFENDANTS.

HEARING BEFORE TRIAL

ENTERED BY: P. OKUBO

07/14/2008    MINUTE ORDER POSTED

JUDGE/PROTEM/REFEREE JAMES R. RITCHIE , REPORTER MARGARET COLLINS , DEP CLK P. OKUBO

NO APPEARANCE BY OR FOR THE PARTIES

7/15/08 REMAINS AS SET.  9/22/08 REMAINS AS SET.  8/11/08 IS VACATED AND OSC: ANSWER IS MOVED TO 9/22/08.

IT IS ORDERED: NO SANCTION ORDERED FOR FAILURE TO APPEAR 7/14/08.

HEARING BEFORE TRIAL

ENTERED BY: P. OKUBO

07/14/2008    APPEARANCE DROPPED FOR 08/11/2008 AT: 09:00 AM FOR APPEARANCE TYPE: OSCH IN DEPARTMENT: 01 DROP REASON: PER CLERK P. OKUBO 7/14/08

07/15/2008    MINUTE ORDER POSTED

JUDGE/PROTEM/REFEREE JAMES R. RITCHIE , REPORTER NOT REPORTED , DEP CLK P. OKUBO

NO APPEARANCE BY OR FOR THE PARTIES

THE MATTER IS NOT HEARD OR REPORTED.  THE TENTATIVE RULING IS FINAL.

RULING:

HEARING ON ORDER TO SHOW CAUSE CONTINUED TO 9:00 A.M. ON AUGUST 26, 2008, PER THE PARTIES' STIPULATION.

HEARING CONTINUED TO: 08/26/2008 AT: 09:00 AM FOR APPEARANCE TYPE: LMCV IN DEPARTMENT: 01 FROM DATE: 07/15/2008 FROM TIME: 09:00 AM FROM APPEARANCE TYPE: LMCV FROM DEPARTMENT: 01

HEARING BEFORE TRIAL

ENTERED BY: P. OKUBO

07/24/2008    FILING FEE PROCESSED: DEFT, COUNTRYWIDE HOME LOANS - 320.00  ON STIPULATION AND ORDER SIGNED AND FILED 7/15/08

07/24/2008    FILING FEE PROCESSED: DEFT, RECONSTRUST - 320.00  ON STIPULATION AND ORDER SIGNED AND FILED 7/15/08

Disclaimer: This Register of Actions is not an official court record.  For an official and/or certified record, visitors must obtain it from the Court.

| MARIN SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN | | |
|---|---|---|
| CARL RENOWITZKY | DATE FILED: | 5/2/2008 |
| Plaintiff(s) | CASE TYPE: | Civil Complaint |
| VS. | CASE SUBTYPE: | Contract/Money/Damages |
| COUNTRYWIDE HOME LOANS, ET AL | DATE OF LAST ACTIVITY: | 2/17/2009 |
| Defendant(s) | DATE/TIME RUN: | 06/11/2013 03:39 PM |
| REGISTER OF ACTIONS | CASE NUMBER: | CIV 082153 |

| | |
|---|---|
| 07/24/2008 | STIPULATION AND ORDER OSC HEARING ON 7/15/08 CONTINUED TO 9:00 AM ON 8/26/2008. FORCLOSURE SALE DATE TO BE CONTINUED BEYOND THAT DATE. GRANTED, JUDGE J.R. RITCHIE FILED |
| 08/08/2008 | ANSWER DEFT, COUNTRYWIDE HOME LOANS (ANSWERING AS COUNTRYWIDE HOME LOANS, INC.) |
| 08/11/2008 | SUBSTITUTION OF ATTORNEY FILED, AS TO: DEFT. COUNTRYWIDE HOME LOANS; FORMER ATTY. DAVID BROOKS; PRESENT ATTY. STEPHANIE A. BLAZEWICZ |
| 08/26/2008 | MINUTE ORDER POSTED |
| | JUDGE/PROTEM/REFEREE JAMES R. RITCHIE , REPORTER NOT REPORTED , DEP CLK P. OKUBO |
| | NO APPEARANCE BY OR FOR THE PARTIES |
| | THE MATTER IS NOT HEARD OR REPORTED. THE TENTATIVE RULING IS FINAL. |
| | RULING: |
| | HEARING CONTINUED TO SEPTEMBER 16, 2008, TO ALLOW THE PARTIES TO CONTINUE IN THEIR EFFORTS TO RENEGOTIATE THE LOAN IN QUESTION. |
| | HEARING CONTINUED TO: 09/16/2008 AT: 09:00 AM FOR APPEARANCE TYPE: LMCV IN DEPARTMENT: 01 FROM DATE: 08/26/2008 FROM TIME: 09:00 AM FROM APPEARANCE TYPE: LMCV FROM DEPARTMENT: 01 |
| | HEARING BEFORE TRIAL |
| | ENTERED BY: P. OKUBO |
| 09/16/2008 | MINUTE ORDER POSTED |
| | JUDGE/PROTEM/REFEREE JAMES R. RITCHIE , REPORTER NOT REPORTED , DEP CLK KATHY BECK |
| | NO APPEARANCE BY OR FOR THE PARTIES |
| | THE TENTATIVE RULING IS AFFIRMED AND MADE FINAL. |
| | SUMMARY OF RULING: SEE COURT FILE FOR COMPLETE FINDINGS AND RULING |
| | ALTHOUGH THE COURT FOUND ADEQUATE REASONS IN PLAINTIFF'S CIRCUMSTANCES TO RESTRAIN THE EARLIER FORECLOSURE, IT CANNOT CONTNUE THAT RESTRAINT. |
| | PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION TO RESTRAIN THE NON-JUDICIAL FORECLOSURE OF A HOUSE HE IS CONSTRUCTING IN SAN ANSELMO, IS DENIED. |
| | ALSO, PLAINTIFF HAS OFFERED NO EVIDENCE TO ESTABLISH THE PROMISSORY NOTE AND DEED OF TRUST TRANSFERRED TO COUNTRYWIDE ARE VOID FOR DURESS OR FRAUD. |
| | PLAINTIFF OFFERS NO EVIDENCE TO SHOW THAT ARGENT MORTGAGE MADE A CLEAR AND UNAMBIGUOUS PROMISE TO LEND AT THE 7% RATE. |
| | COUNTRYWIDE'S REQUEST TO TAKE JUDICIAL NOTICE OF LOAN DOCUMENTS (EXS. A-D) SIGNED OR INITIALED BY PLAINTIFF, PURSUANT TO EV. CODE SECTION 452(h), IS GRANTED. |
| | THE REQUEST TO TAKE JUDICIAL NOTICE OF THE SUBSTITUTION OF TRUSTEE DOCUMENT, RECORDED IN THE OFFICIAL RECORDS OF MARIN COUNTY IS GRANTED AS AN OFFICIAL STATE ACT. |
| | ENTERED BY: K. BECK |
| 09/22/2008 | MINUTE ORDER POSTED |
| | JUDGE/PROTEM/REFEREE JAMES R. RITCHIE , REPORTER DANA DIBASILLO , DEP CLK KATHY BECK |
| | NO APPEARANCE BY OR FOR THE PLAINTIFF CARL RENOWITZKY |
| | COURT CALL APPEARANCE BY JAMES GOLDBERG FOR THE DEFENDANT COUNTRYWIDE HOME LOANS |
| | DEFENDANT (RENOWITZKY) MAY BE IN BANKRUPTCY. DEFENDANT MAY FILE JUDGMENT ON PLEADINGS |
| | IT IS ORDERED: FUTURE CASE MANAGEMENT CONFERENCE DATE: 12-4-08 AT 9:00 A.M. STATUS RE: BANKRUTPCY AND DEFENDANT'S MOTION TO RE: JUDGMENT ON PLEADINGS. |
| | OSC ISSUED TO PLAINTIFF, CARL RENOWITZK, WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO APPEAR ON 9-22-08 AT 9:00 AM. FOR CASE MANAGEMENT CONFERENCE |

Disclaimer: This Register of Actions is not an official court record. For an official and/or certified record, visitors must obtain it from the Court.

| MARIN SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN | | |
|---|---|---|
| CARL RENOWITZKY | DATE FILED: | 5/2/2008 |
| Plaintiff(s) | CASE TYPE: | Civil Complaint |
| VS. | CASE SUBTYPE: | Contract/Money/Damages |
| COUNTRYWIDE HOME LOANS, ET AL | DATE OF LAST ACTIVITY: | 2/17/2009 |
| Defendant(s) | DATE/TIME RUN: | 06/11/2013 03:39 PM |
| REGISTER OF ACTIONS | CASE NUMBER: | CIV 082153 |

| | |
|---|---|
| | HEARING BEFORE TRIAL |
| | ENTERED BY: K. BECK |
| | HEARING CONTINUED TO: 12/04/2008 AT: 09:00 AM FOR APPEARANCE TYPE: CMGT IN DEPARTMENT: 01 FROM DATE: 09/22/2008 FROM TIME: 09:00 AM FROM APPEARANCE TYPE: CMGT FROM DEPARTMENT: 01 |
| | HEARING CONFIRMED FOR: 12/04/2008 AT: 09:00 AM FOR APPEARANCE TYPE: OSCH IN DEPARTMENT: 01 |
| 11/25/2008 | HEARING CONFIRMED FOR: 01/12/2009 AT: 09:00 AM FOR APPEARANCE TYPE: LMCV IN DEPARTMENT: 01 |
| 12/04/2008 | MINUTE ORDER POSTED |
| | JUDGE/PROTEM/REFEREE JAMES R. RITCHIE , REPORTER NOT REPORTED , DEP CLK P. OKUBO |
| | COURT ADMONISHES PARTIES OF LACK OF REPORTER TODAY, NO OBJECTION HEARD, CASE MANAGEMENT CONFERENCE HEARD. |
| | NO APPEARANCE BY OR FOR THE PLAINTIFF, CARL RENOWITZKY |
| | COURT CALL APPEARANCE BY STEPHANIE BLAZEWICZ FOR DEFENDANT COUNTRY WIDE HOME LOANS |
| | COUNSEL REPORTS MR. RENOWITZKY HAS FILED FOR BANKRUPTCY AS OF JULY 2008 PER MR. RENOWITZKY'S CMC STATEMENT. |
| | COURT HAS NOT RECEIVED MR. RENOWITZKY'S CMC STATEMENT. |
| | IT IS ORDERED: |
| | SANCTIONS ARE TO BE PAID BY CARL RENOWITZKY TO THE MARIN COUNTY SUPERIOR COURT IN THE SUM OF $ 149.00 BY 02/16/09 FOR: FAILING TO APPEAR TODAY, 12/4/08 FROM ORDER TO SHOW CAUSE FROM FAILURE TO APPEAR ON 9/22/08. |
| | IT IS ORDERED: OSC ORDERED DATE: 2/17/09 TIME: 9:00 A.M. TO MR. CARL RENOWITZKY FOR FAILING TO APPEAR, 12/4/08, POSSIBLE ADDITIONAL SANCTIONS OR DISMISSAL OF CASE IF NO APPEARANCE. FUTURE CASE MANAGEMENT CONFERENCE DATE: 2/17/09 TIME: 9:00 A.M., STATUS RE: BANKRUPTCY |
| | HEARING CONTINUED TO: 02/17/2009 AT: 09:00 AM FOR APPEARANCE TYPE: CMGT IN DEPARTMENT: 01 FROM DATE: 12/04/2008 FROM TIME: 09:00 AM FROM APPEARANCE TYPE: CMGT FROM DEPARTMENT: 01 |
| | HEARING CONTINUED TO: 02/17/2009 AT: 09:00 AM FOR APPEARANCE TYPE: OSCH IN DEPARTMENT: 01 FROM DATE: 12/04/2008 FROM TIME: 09:00 AM FROM APPEARANCE TYPE: OSCH FROM DEPARTMENT: 01 |
| | HEARING BEFORE TRIAL |
| | ENTERED BY: P. OKUBO |
| 12/16/2008 | CASE REASSIGNED TO JUDGE Hon. John A. Sutro Jr. |
| 12/16/2008 | APPEARANCE MOVED TO: 01/12/2009 AT: 09:00 AM FOR APPEARANCE TYPE: LMCV IN DEPARTMENT: 08 MOVE REASON: JUDICIAL REASSIGNMENTS FROM DATE: 01/12/2009 FROM TIME: 09:00 AM FROM APPEARANCE TYPE: LMCV FROM DEPARTMENT: 01 |
| 12/16/2008 | APPEARANCE MOVED TO: 02/17/2009 AT: 09:00 AM FOR APPEARANCE TYPE: OSCH IN DEPARTMENT: 08 MOVE REASON: JUDICIAL REASSIGNMENTS FROM DATE: 02/17/2009 FROM TIME: 09:00 AM FROM APPEARANCE TYPE: OSCH FROM DEPARTMENT: 01 |
| 12/16/2008 | APPEARANCE MOVED TO: 02/17/2009 AT: 09:00 AM FOR APPEARANCE TYPE: CMGT IN DEPARTMENT: 08 MOVE REASON: JUDICIAL REASSIGMENTS FROM DATE: 02/17/2009 FROM TIME: 09:00 AM FROM APPEARANCE TYPE: CMGT FROM DEPARTMENT: 01 |
| 12/16/2008 | DUE TO JUDICIAL REASSIGNMENTS, |
| 12/16/2008 | NOTICE OF CASE REASSIGNMENT AND NOTICE OF HEARING MAILED TO THE PARTIES |
| 12/16/2008 | NOTE; NOTICES MAILED ON 12-17-08 |
| 01/12/2009 | MINUTE ORDER POSTED |
| | JUDGE/PROTEM/REFEREE DUFFICY FOR SUTRO , REPORTER NOT REPORTED , DEP CLK KATHY BECK |

Disclaimer: This Register of Actions is not an official court record.  For an official and/or certified record, visitors must obtain it from the Court.

Page 4 of 5

| MARIN SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN | | |
|---|---|---|
| CARL RENOWITZKY | DATE FILED: | 5/2/2008 |
| Plaintiff(s) | CASE TYPE: | Civil Complaint |
| VS. | CASE SUBTYPE: | Contract/Money/Damages |
| COUNTRYWIDE HOME LOANS, ET AL | DATE OF LAST ACTIVITY: | 2/17/2009 |
| Defendant(s) | DATE/TIME RUN: | 06/11/2013 03:39 PM |
| REGISTER OF ACTIONS | CASE NUMBER: | CIV 082153 |

| | |
|---|---|
| | NO APPEARANCE BY OR FOR THE PARTIES |
| | TENTATIVE RULING CONTINUED. |
| | IT IS ORDERED: THIS COURT WILL NOT BE IN SESSION ON 1-12-09. EITHER SIDE WISHING TO OPPOSE THE TENTATIVE RULING MUST CONTACT THE COURT AND OPPOSING COUNSEL. ARGUMENT WILL OCCUR ON MONDAY, JANUARY 26, 2009 AT 9:00 A.M. IN DEPARTMENT H. |
| | ENTERED BY: K. BECK |
| | HEARING CONTINUED TO: 01/26/2009 AT: 09:00 AM FOR APPEARANCE TYPE: LMCV IN DEPARTMENT: 08 FROM DATE: 01/12/2009 FROM TIME: 09:00 AM FROM APPEARANCE TYPE: LMCV FROM DEPARTMENT: 08 |
| 01/26/2009 | MINUTE ORDER POSTED |
| | JUDGE/PROTEM/REFEREE JOHN A. SUTRO , REPORTER C. Gilson , DEP CLK P. OKUBO |
| | PLAINTIFF/PETITIONER CARL RENOWTIZKY IS PRESENT IN PRO PER |
| | ATTORNEY STEPHANIE BLAZEWICZ APPEARED FOR DEFENDANT |
| | PLAINTIFF STATES HE IS SEEKING COUNSEL AND WOULD LIKE TO OPPORTUNITY TO OPPOSE THE MOTION ON TODAY. |
| | IT IS ORDERED: COURT ALLOWS THE PLAINTIFF THE OPPORTUNITY TO SEEK COUNSEL. PLAINTIFF IS TO RETAIN COUNSEL PROMPTLY. PLAINTIFF IS ALLOWED TO FILE AN OPPOSITION TO DEFENDANT'S MOTION - FOR JUDGMENT ON THE PLEADINGS. PLAINTIFF HAS 21 DAYS, 2/17/09, TO FILE AND SERVE HIS OPPOSITION ON THE MERITS OF THE MOTION. REPLY BY THE PLAINTIFF IS DUE 2/24/09 AND THE HEARING ON THE MOTION IS CONTINUED TO 3/9/09 AT 9:00 A.M. PLAINTIFF IS TO PREPARE ORDER REFLECTING THE COURT'S ORDER IN COMPLIANCE WITH CALIFORNIA RULES OF COURT. IF PLAINTIFF DOES NOT PREPARE THE ORDER, DEFENDANT'S COUNSEL IS TO DO SO. |
| | HEARING CONTINUED TO: 03/09/2009 AT: 09:00 AM FOR APPEARANCE TYPE: LMCV IN DEPARTMENT: 08 FROM DATE: 01/26/2009 FROM TIME: 09:00 AM FROM APPEARANCE TYPE: LMCV FROM DEPARTMENT: 08 |
| | TENTATIVE RULING CONTINUED. |
| | HEARING BEFORE TRIAL |
| | ENTERED BY: P. OKUBO |
| 02/10/2009 | IT IS ORDERED: THAT THE HEARING ON CHL'S MOTION FOR JUDGMENT ON THE PLEADINGS IS CONTINUED: THE PARTIES SHALL ADHERE TO THE FOLLOWING BRIEFING SCHEDULE: 2/27/09 - DEADLINE TO SERVE AND FILE OPPOSITION BRIEF; 2/24/09 - DEADLINE TO SERVE AND FILE REPLY BRIEF; 3/9/09 AT 9:00 AM - HEARING ON MOTION JOHN A. SUTRO, JR. |
| 02/13/2009 | CASE DISPOSED BEFORE TRIAL;  DISMISSED - OTHER REASONS ENTIRE ACTION WITH PREJUDICE |
| 02/13/2009 | CASE DISPOSED IN ENTIRETY |
| 02/13/2009 | APPEARANCE DROPPED FOR 02/17/2009 AT: 09:00 AM FOR APPEARANCE TYPE: CMGT IN DEPARTMENT: 08 DROP REASON: DISMISSAL FILED 2/13/09 |
| 02/13/2009 | APPEARANCE DROPPED FOR 02/17/2009 AT: 09:00 AM FOR APPEARANCE TYPE: OSCH IN DEPARTMENT: 08 DROP REASON: CLERICAL ERROR MATTER HAS BEEN SET FOR LAW AND MTN 3-9-09 |
| 02/17/2009 | APPEARANCE DROPPED FOR 03/09/2009 AT: 09:00 AM FOR APPEARANCE TYPE: LMCV IN DEPARTMENT: 08 DROP REASON: PER KEDRA OF ATTY BLAZEWICZ'S OFC., DISMISSED. |

Disclaimer: This Register of Actions is not an official court record.  For an official and/or certified record, visitors must obtain it from the Court.

Page 5 of 5



# EXHIBIT H



**FIRST AMERICAN TITLE COMPANY**
RECORDING REQUESTED BY:
RECONTRUST COMPANY
1757 TAPO CANYON ROAD, SVW-88
SIMI VALLEY, CA 93063

WHEN RECORDED MAIL TO:
1757 TAPO CANYON ROAD, SVW-88
SIMI VALLEY, CA 93063

TS No. 08-04342
Title Order No. 3592741



**2008-0026596**

| Recorded | REC FEE | 8.00 |
| Official Records | | |
| County of | | |
| Marin | | |
| JOAN C. THAYER | | |
| Assessor-Recorder | | |
| | JN | |
| 08:03AM 06-Jun-2008 | Page 1 of 1 | |

---

APN No. 176-191-16

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 06/06/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

Notice is hereby given that RECONTRUST COMPANY, as duly appointed trustee pursuant to the Deed of Trust executed by CARL RENOWITZKY AND MICHELLE RENOWITZKY, HUSBAND AND WIFE, AS JOINT TENANTS, dated 06/06/2006 and recorded 06/27/2006, as Instrument No. 2006-0040391, in Book , Page , ), of Official Records in the office of the County Recorder of MARIN County, State of California, will sell on 05/22/2008 at 10:00 AM, At the Fifth Avenue entrance to the City Hall, 1400 Fifth Avenue, San Rafael, CA.

at public auction, to the highest bidder for cash or check as described below, payable in full at time of sale, all right, title, and interest conveyed to and now held by it under said Deed of Trust, in the property situated in said County and State and as more fully described in the above referenced Deed of Trust. The street address and other common designation, if any, of the real property described above is purported to be: 30 OAK KNOLL DRIVE, SAN ANSELMO, CA 94960. The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

The total amount of the unpaid balance with interest thereon of the obligation secured by the property to be sold plus reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $1,034,039.91. It is possible that at the time of sale the opening bid may be less than the total indebtedness due.

In addition to cash, the Trustee will accept cashier's checks drawn on a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state.

Said sale will be made, in an "AS IS" condition, but without covenant or warranty, express or implied, regarding title, possession or encumbrances, to satisfy the indebtedness secured by said Deed of Trust, advances thereunder, with interest as provided, and the unpaid principal of the Note secured by said Deed of Trust with interest thereon as provided in said Note, plus fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust.

DATED: June 03, 2008
RECONTRUST COMPANY
1757 TAPO CANYON ROAD, SVW-88
SIMI VALLEY, CA 93063
Phone: (800) 281-8219 , Sale Information (626) 927-4399

RECORDING REQUESTED BY
FIRST AMERICAN TITLE COMPANY
AS AN ACCOMADATION ONLY

By:
Sandra E. Medina, Team Member

RECONTRUST COMPANY is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.

*Form nos (07/01)*



# EXHIBIT I

2008-0034089

| | |
|---|---|
| Recorded | REC FEE    11.00 |
| Official Records | |
| County of | |
| Marin | |
| JOAN C. THAYER | |
| Assessor-Recorder | |
| | a |
| 02:55PM 18-Jul-2008 | Page 1 of 2 |

Recording Requested by Grantee
Return and Mail Tax Statements:

Michelle Renowitzky
PO BOX 1661
San Leandro, CA 94577

## GRANT DEED
### (RNT 11911 LIENS EXCEED VALUE) – Gift

Assessor's Parcel No: 176-191-16
Property Address: 30 Oak Knoll Drive, San Anselmo CA
The undersigned Grantor(s) declare(s):
Documentary transfer tax is $  0  , City transfer tax is $  0
(    ) Computed on full value of property conveyed, or
(    ) Computed on full value of liens and encumbrances remaining at time of sale.
(    ) Unincorporated area of: City Of
**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,**

**Carl Renowitzky**

**Hereby GRANTS to:**

**Michelle Renowitzky,**

The following described real property in the San Anselmo County of Marin   , State of
California:
SEE ATTACHED EXHIBIT "A"

Date: 7/15/2008

_____
Carl Renowitzky

State of California
County of Alameda
On July 15, 2008                  before me,
Nichole Correa, notary public Notary Public
Personally appeared Carl Renowitzky

Who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s) or the entity upon
behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the
State of California that the foregoing paragraph is true and correct.

_____
Nichole Correa, Notary Public                          (SEAL)
Signature

NICHOLE CORREA
COMM. NO. 1673097
NOTARY PUBLIC · CALIFORNIA
ALAMEDA COUNTY
My Comm. Expires June 08, 2010

## Exhibit A

LEGAL DESCRIPTIONS: ALL THAT CERTAIN PROPERTY SITUATED IN THE COUNTY OF MARIN, AND STATE OF CALIFORNIA, BEING DESCRIBED AS FOLLOWS:

PARCEL ONE:

PARCEL 2, AS SAID PARCEL IS SHOWN UPON THAT CERTAIN PARCEL MAP ENTITLED "PARCEL MAP, R.A. FORREST AND J. KRUG LAND DIVISION", FILED FOR RECORD MAY 14, 1969, IN VOLUME 3 OF PARCEL MAPS AT PAGE 94, MARIN COUNTY RECORDS.

EXCEPTING THEREFROM THAT PORTION DESCRIBED IN THE DEED FROM RAYMOND A. FORREST AND BERNICE R. FORREST TO JACK KRUG AND BERTHA K. KRUG RECORDED MAY 27, 1969, IN BOOK 2299 OF OFFICIAL RECORDS AT PAGE 367, MARIN COUNTY RECORDS, AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE CENTER LINE OF A 40 FEET ROAD, SAID POINT BEING DISTANT NORTH 78 DEGREES 53 MINUTES 20 SECONDS WEST 237.020 FEET AND NORTH 73 DEGREES 15 MINUTES WEST 135.712 FEET FROM THE SOUTHEASTERLY CORNER OF THAT CERTAIN TRACT OF LAND CONTAINING 50 ACRES, MORE OR LESS, CONVEYED BY SAN ANSELMO HOLDING CORPORATION, A CORPORATION, TO CALIFORNIA PACIFIC TITLE AND TRUST COMPANY, CORPORATION, BY DEED DATED AUGUST 20, 1936, IN VOLUME 327 OF MARIN COUNTY OFFICIAL RECORDS AT PAGE 238, AND RUNNING THENCE NORTH 24 DEGREES 26 MINUTES EAST 155 FEET TO THE TRUE POINT OF BEGINNING, THENCE NORTH 52 DEGREES 41 MINUTES 45 SECONDS WEST 169.19 FEET TO THE WESTERLY LINE OF THAT CERTAIN PARCEL OF LAND DESCRIBED IN THE DEED FROM DANIEL S. WARNER AND KATHLEEN K. WARNER, HIS WIFE, TO JACK KRUG AND BERTHA F. KRUG, HIS WIFE, RECORDED NOVEMBER 29, 1951, IN BOOK 719 OF OFFICIAL RECORDS AT PAGE 299 AND RUNNING ALONG SAID LAST NAMED LINE SOUTH 24 DEGREES 26 MINUTES WEST 38.2 FEET; THENCE LEAVING SAID WESTERLY LINE, SOUTH 65 DEGREES 44 MINUTES 39 SECONDS EAST 164.941 FEET TO THE POINT OF BEGINNING.

PARCEL TWO:

AN EASEMENT FOR THE CONSTRUCTION AND MAINTENANCE OF SLOPES, ROADWAY ACCESS, UTILITY AND LANDSCAPING PURPOSES OVER AND ACROSS THAT PORTION DESCRIBED IN THE DEED FROM RAYMOND A. FORREST AND BERNICE R. FORREST TO JACK KRUG AND BERTHA K. KRUG RECORDED MAY 27, 1969, IN BOOK 2299 OF OFFICIAL RECORDS AT PAGE 367, MARIN COUNTY RECORDS.

APN: 176-191-16

30 Oak Knoll  Dr, San Anselmo, CA



# EXHIBIT J

3.
O
XO

**FIRST AMERICAN TITLE COMPAN**
RECORDING REQUESTED BY:
RECONTRUST COMPANY
1757 TAPO CANYON ROAD, SVW-88
SIMI VALLEY, CA 93063

WHEN RECORDED MAIL TO:
RECONTRUST COMPANY
1757 TAPO CANYON ROAD, SVW-88
SIMI VALLEY, CA 93063
TS No. 08-0004342
Title Order No. 3592741

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
**2011-0024750**

| Recorded         | REC FEE   24.00
| Official Records |
| County of        |
| Marin            |
| RICHARD N. BENSON |
| Assessor-Recorder |
| County Clerk     |
|                  | a
| 01:13PM 11-May-2011 | Page 1 of 3

APN No. 176-191-16

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 06/06/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

Notice is hereby given that RECONTRUST COMPANY, N.A., as duly appointed trustee pursuant to the Deed of Trust executed by CARL RENOWITZKY AND MICHELLE RENOWITZKY, HUSBAND AND WIFE, AS JOINT TENANTS, dated 06/06/2006 and recorded 06/27/2006, as Instrument No. 2006-0040391, in Book , Page  of Official Records in the office of the County Recorder of MARIN County, State of California, will sell on 06/01/2011 at 10:00 AM, At the Fifth Avenue entrance to the City Hall, 1400 Fifth Avenue, San Rafael, CA 94901  .

at public auction, to the highest bidder for cash or check as described below, payable in full at time of sale, all right, title, and interest conveyed to and now held by it under said Deed of Trust, in the property situated in said County and State and as more fully described in the above referenced Deed of Trust.  The street address and other common designation, if any, of the real property described above is purported to be:  30 OAK KNOLL DRIVE, SAN ANSELMO, CA  94960.  The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

The total amount of the unpaid balance with interest thereon of the obligation secured by the property to be sold plus reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $1,388,412.81.  It is possible that at the time of sale the opening bid may be less than the total indebtedness due.

 In addition to cash, the Trustee will accept cashier's checks drawn on a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state.

Said sale will be made, in an "AS IS" condition, but without covenant or warranty, express or implied, regarding title, possession or encumbrances, to satisfy the indebtedness secured by said Deed of Trust, advances thereunder, with interest as provided, and the unpaid principal of the Note secured by said Deed of Trust with interest thereon as provided in said Note, plus fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust.
If required by the provisions of  Section 2923.5 of the California Civil Code, the declaration from the mortgagee, beneficiary or authorized agent is attached to the Notice of Trustee's Sale duly recorded with the appropriate County Recorder's office.

RECONTRUST COMPANY, N.A.
1757 TAPO CANYON ROAD, SVW-88
SIMI VALLEY, CA  93063
Phone/Sale Information: (800) 281-8219

MAY 0 5 2011

By:
Joselyn Casillas,  Authorized Signer

RECONTRUST COMPANY, N.A. is a debt collector attempting to collect a debt.  Any information obtained will be used for that purpose.

*See attached declarations*

*Form nos (07/10)*



**Bank of America**
Home Loans

To: ReconTrust Company, N.A.
1800 Tapo Canyon Rd.
Simi Valley, CA 93063

## DECLARATION OF EXEMPTION

## PURSUANT TO CAL. CIV. CODE 2923.54

I, Rhonda L Weston, Vice President of BAC Home Loans Servicing, LP ("Lender/Servicer") declare on behalf of Lender/Servicer under penalty of perjury, and under the laws of the State of California, that Lender/Servicer's business records maintained in the ordinary course of business reflect the following is true and correct:

BAC Home Loans Servicing, LP has obtained from the Commissioner of Corporations a final order of exemption pursuant to Cal. Civ. Code Section 2923.53 that is current and valid on the date the accompanying Notice of Sale is filed.

AND

The timeframe for giving Notice of Sale specified in subdivision (a) of Cal. Civ. Code Section 2923.52 **does not** apply pursuant to Section 2923.52(b).

_Rhonda Luliston_
(Signature)  Rhonda L Weston, Vice President

_12/15/10_
Date

♻ Recycled Paper



Home Loans

Notice Date: July 2, 2009

Account No.: 

Carl Renowitzky
22320 Foothill Blvd Ste 619
Hayward, CA  94541

Property Address:
30 Oak Knoll Drive
San Anselmo, CA  94960

## CALIFORNIA DECLARATION

I, _____ Collector II of BAC Home Loans Servicing, LP's, Home Retention Division declare on behalf of BAC Home Loans Servicing, LP, under penalty of perjury, and under the laws of the State of California, that BAC Home Loans Servicing, LP's business records maintained in the ordinary course of business reflect the following is true and correct:

1. ☐ On Date of contact with borrower contact was made with the borrower to assess their financial situation and to explore options for the borrower to avoid foreclosure.

2. ☒ The following efforts were made to contact the borrower to assess their financial situation and to explore options for the borrower to avoid foreclosure:

at least 12 Phone Attempts & at least 12 Correspondence Attempts.

3. ☐ BAC Home Loans Servicing, LP verified that the borrower has surrendered the property.

4. ☐ BAC Home Loans Servicing, LP has evidence and reasonably believes that the borrower has contracted with an organization, person, or entity whose primary business is advising people who have decided to leave their homes on how to extend the foreclosure process and to avoid their contractual obligations to beneficiaries.

5. ☐ BAC Home Loans Servicing, LP has confirmed that the borrower(s) filed for bankruptcy and the proceedings have not been finalized to wit, there is no order on the court's docket closing or dismissing the bankruptcy case.

6. ☐ The provisions of California Civil Code Section 2923.5 do not apply because &OriginationDate.

7-2-09 Ft Worth, TX
Date and Place

_____
Name of Signor

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.

CA-DECLARATIONS2  8662/9510  09/09/2008



# EXHIBIT K

FIRST AMERICAN TITLE COMPAN·
RECORDING REQUESTED BY:
RECONTRUST COMPANY
AND WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENTS TO:
RECONTRUST COMPANY
1757 TAPO CANYON ROAD, SVW-88
SIMI VALLEY, CA  93063

**2011-0025646**

```
Recorded
Official Records      | REC FEE    18.00
   County of          |
     Marin             |
RICHARD N. BENSON      |
Assessor-Recorder      |
 County Clerk          |
                       | MH
12:48PM 17-May-2011    | Page 1 of 1
```

TS No. 08-0004342

3592741

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## CORPORATION ASSIGNMENT OF DEED OF TRUST/MORTGAGE

FOR VALUE RECEIVED, THE UNDERSIGNED HEREBY GRANTS, ASSIGNS AND TRANSFER TO:

**THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-SD4**

ALL BENEFICIAL INTEREST UNDER THAT CERTAIN DEED OF TRUST DATED 06/06/2006, EXECUTED BY: CARL RENOWITZKY AND MICHELLE RENOWITZKY, HUSBAND AND WIFE, AS JOINT TENANTS, TRUSTOR: TO TOWN AND COUNTRY TITLE SERVICES, INC., TRUSTEE AND RECORDED AS INSTRUMENT NO. 2006-0040391 ON 06/27/2006, OF OFFICIAL RECORDS IN THE COUNTY RECORDER'S OFFICE OF MARIN COUNTY, IN THE STATE OF CALIFORNIA.

DESCRIBING THE LAND THEREIN:  AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST

TOGETHER WITH THE NOTE OR NOTES THEREIN DESCRIBED OR REFERRED TO, THE MONEY DUE AND TO BECOME DUE THEREON WITH INTEREST, AND ALL RIGHTS ACCRUED OR TO ACCRUE UNDER SAID DEED OF TRUST/MORTGAGE.

DATED: ~~January 28, 2008~~          COUNTRYWIDE HOME LOANS, INC

**MAY 1 2 2011**

State of:   California          )
County of:  Ventura            )          BY: _____   **MAY 1 2 2011**
                                          Kevin Rudolph, Assistant Secretary

On ~~MAY 1 2 2011~~ before me, _____ **K. Mercado**, notary public, personally appeared Kevin Rudolph, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct. WITNESS my hand and official seal.

```
                              K. MERCADO
                         Commission # 1818170
                        Notary Public - California
                             Ventura County
                        My Comm. Expires Oct 18, 2012
```

Signature _____   (Seal)
_____
              K. Mercado

3

*Form asgnmnt (01/09)*



# EXHIBIT L

6/09/11  4:45PM

B1 (Official Form 1)(4/10)

| United States Bankruptcy Court<br>Northern District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Renowitzky, Carl** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-0919** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**2132 6th Street**<br>**Berkeley, CA**<br>ZIP Code **94701** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Alameda** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

### Type of Debtor
(Form of Organization)
(Check one box)

■ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☐ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

### Nature of Business
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☐ Other

**Tax-Exempt Entity**
(Check box, if applicable)
☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

### Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box)

■ Chapter 7
☐ Chapter 9
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

### Nature of Debts
(Check one box)
■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
☐ Debts are primarily business debts.

### Filing Fee (Check one box)

■ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

### Chapter 11 Debtors
Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).
Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (amount subject to adjustment on 4/01/13 and every three years thereafter).
Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

### Statistical/Administrative Information

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

6/09/11  4:45PM

**B1 (Official Form 1)(4/10)**                                                                                                    Page 2

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Renowitzky, Carl** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  **Oakland, CA** | Case Number:<br>**0971890edj** | Date Filed:<br>**12/11/09** |
| Location<br>Where Filed:  **Oakland, CA** | Case Number:<br>**0843931ljt** | Date Filed:<br>**7/25/08** |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| | (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X  /s/ Robert D. Finkle**                                     **June 9, 2011** |
| | Signature of Attorney for Debtor(s)                     (Date) |
| | **Robert D. Finkle 264581** |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? |
| ☐ Yes, and Exhibit C is attached and made a part of this petition. |
| ■ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) |
| ■ Exhibit D completed and signed by the debtor is attached and made a part of this petition. |
| If this is a joint petition: |
| ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue** |
|---|
| (Check any applicable box) |
| ■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property** |
|---|
| (Check all applicable boxes) |
| ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.) |
| _____ |
| (Name of landlord that obtained judgment) |
| _____ |
| (Address of landlord) |
| ☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
| ☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

6/09/11  4:45PM

B1 (Official Form 1)(4/10)                                                                                                Page 3

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | **Renowitzky, Carl** |

Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Carl Renowitzky**

Signature of Debtor **Carl Renowitzky**

X _____

Signature of Joint Debtor

_____

Telephone Number (If not represented by attorney)

**June  9, 2011**

Date

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____

Signature of Foreign Representative

_____

Printed Name of Foreign Representative

_____

Date

| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|

X **/s/ Robert D. Finkle**

Signature of Attorney for Debtor(s)

**Robert D. Finkle 264581**

Printed Name of Attorney for Debtor(s)

**The Law Office of Robert D. Finkle**

Firm Name

**1480 Creekside Drive, A200**
**Walnut Creek, CA 94596**

_____

Address

**Email: Robert@FinkleLawOffice.com**
**510-730-0286  Fax: 866-892-4781**

Telephone Number

**June  9, 2011**

Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____

Printed Name and title, if any, of Bankruptcy Petition Preparer

_____

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____

Address

X _____

Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____

Signature of Authorized Individual

_____

Printed Name of Authorized Individual

_____

Title of Authorized Individual

_____

Date

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

8/09/11  4:45PM

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Northern District of California

In re   __Carl Renowitzky__ _____   Case No. _____
                                    Debtor(s)        Chapter    __7__ _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

6/09/11 4:45PM

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                                    Page 2

     ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

     ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

     ☐ Active military duty in a military combat zone.

   ☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ Carl Renowitzky**

                                 **Carl Renowitzky**

Date:    **June 9, 2011**

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

6/09/11  4:45PM

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Northern District of California

In re    **Carl Renowitzky**

Debtor

Case No. _____

Chapter _____ **7** _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 4,860.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 3,840,000.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 5 | | 239,003.64 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I -  Current Income of Individual Debtor(s) | Yes | 1 | | | 2,425.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 4,000.00 |
| Total Number of Sheets of ALL Schedules | | 17 | | | |
| Total Assets | | | 4,860.00 | | |
| Total Liabilities | | | | 4,079,003.64 | |

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

6/09/11  4:45PM

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## Northern District of California

In re    **Carl Renowitzky**

Debtor

Case No. _____

Chapter _____ **7** _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐  Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 2,425.00 |
| Average Expenses (from Schedule J, Line 18) | 4,000.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 0.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 239,003.64 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 5) | | 239,003.64 |

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

6/09/11  4:45PM

B6A (Official Form 6A) (12/07)

In re    **Carl Renowitzky**                                                      Case No. _____
_____
                                                        Debtor

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Single Family Residence** <br> **2132 6th Street, Berkeley, CA 94701** | | - | **Unknown** | **700,000.00** |
| **Single Family Residence** <br> **30 Oak Knoll Drive, San Anselmo, CA 94960** | | - | **Unknown** | **1,500,000.00** |
| **Single Family Residence** <br> **16061 Via Pinale, San Lorenzo, CA 94580** | | - | **Unknown** | **640,000.00** |
| **Single Family Residence** <br> **6121 Old Quarry Loop, Oakland, CA 94605** | | - | **Unknown** | **1,000,000.00** |

|  | Sub-Total > | **0.00** | (Total of this page) |
|---|---|---|---|
|  | Total > | **0.00** |  |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

6/09/11  4:45PM

B6B (Official Form 6B) (12/07)

In re    **Carl Renowitzky**                                                     Case No. _____
                                                   _____
                                                          Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

   **Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.   Cash on hand | X | | | |
| 2.   Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3.   Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.   Household goods and furnishings, including audio, video, and computer equipment. | | **TV, Other Electronics, Furniture, Books** | - | 300.00 |
| | | **Other miscellaneous household goods** | - | 300.00 |
| 5.   Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.   Wearing apparel. | | **Personal Clothing** | - | 200.00 |
| 7.   Furs and jewelry. | X | | | |
| 8.   Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.   Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.  Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >          800.00
(Total of this page)

  __2__  continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                               Best Case Bankruptcy

6/09/11 4:45PM

B6B (Official Form 6B) (12/07) - Cont.

In re    **Carl Renowitzky**                                                                    Case No. _____
                                                          Debtor

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15.  Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16.  Accounts receivable. | X | | | |
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18.  Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20.  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >                          **0.00**
(Total of this page)

Sheet   __1__   of   __2__   continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                         Best Case Bankruptcy

6/09/11  4:45PM

B6B (Official Form 6B) (12/07) - Cont.

In re   **Carl Renowitzky** _____,   Case No. _____
                          Debtor

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2003 Volvo, S80, located at Debtor's home address** | - | **4,060.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total > | **4,060.00** |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | **4,860.00** |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property                                              (Report also on Summary of Schedules)

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                        Best Case Bankruptcy

6/09/11 4:45PM

B6C (Official Form 6C) (4/10)

In re   **Carl Renowitzky**                                                                                      Case No. _____
                                                    Debtor

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Household Goods and Furnishings** | | | |
| **TV, Other Electronics, Furniture, Books** | C.C.P. § 703.140(b)(5) | 300.00 | 300.00 |
| **Other miscellaneous household goods** | C.C.P. § 703.140(b)(5) | 300.00 | 300.00 |
| **Wearing Apparel** | | | |
| **Personal Clothing** | C.C.P. § 703.140(b)(5) | 200.00 | 200.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2003 Volvo, S80, located at Debtor's home address** | C.C.P. § 703.140(b)(5) | 4,060.00 | 4,060.00 |

Total:   4,860.00   4,860.00

___0___  continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

6/09/11  4:45PM

B6D (Official Form 6D) (12/07)

In re  **Carl Renowitzky**                                      Case No. _____
                                    Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | | |
| Account No. **xxxxx3784**<br><br>**Bank of America**<br>P.O. Box 5170<br>Simi Valley, CA 93062 | | | | | **First Mortgage**<br><br>**Single Family Residence**<br>**30 Oak Knoll Drive, San Anselmo, CA 94960**<br><br>Value $          **Unknown** | | | | 1,300,000.00 | Unknown |
| Account No. **xxxxx4215**<br><br>**Bank of America**<br>P.O. Box 5170<br>Simi Valley, CA 93062 | | | | | **Purchase Money Security**<br><br>**Single Family Residence**<br>**16061 Via Pinale, San Lorenzo, CA 94580**<br><br>Value $          **Unknown** | | | | 500,000.00 | Unknown |
| Account No. **xxxxx2380**<br><br>**Bank of America**<br>P.O. Box 5170<br>Simi Valley, CA 93062 | | | | | **Purchase Money Security**<br><br>**Single Family Residence**<br>**6121 Old Quarry Loop, Oakland, CA 94605**<br><br>Value $          **Unknown** | | | | 800,000.00 | Unknown |
| Account No. **xxxxxx215-0**<br><br>**Bank of America**<br>P.O. Box 5170<br>Simi Valley, CA 93062 | | | | | **Single Family Residence**<br>**16061 Via Pinale, San Lorenzo, CA 94580**<br><br>Value $          **Unknown** | | | | 140,000.00 | Unknown |

_1_  continuation sheets attached

Subtotal
(Total of this page) | 2,740,000.00 | 0.00

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

6/09/11  4:45PM

B6D (Official Form 6D) (12/07) - Cont.

In re   **Carl Renowitzky**                                        Case No. _____
                                                    ,
                              Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community H / W / J / C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx8502**<br><br>**Bank of America**<br>**P.O. Box 5170**<br>**Simi Valley, CA 93062** | | | **Second Mortgage**<br><br>**Single Family Residence**<br>**6121 Old Quarry Loop, Oakland, CA 94605**<br><br>Value $      **Unknown** | | | | 200,000.00 | Unknown |
| Account No. **xxxxxx7645**<br><br>**Indy Mac Bank**<br>**P.O. Box 3038**<br>**Evansville, IN 47730** | | | **Second Mortgage**<br><br>**Single Family Residence**<br>**2132 6th Street, Berkeley, CA 94701**<br><br>Value $      **Unknown** | | | | 325,000.00 | Unknown |
| Account No.<br><br>**Mark McDaniel**<br>**2180 Garnet Avenue #3A**<br>**San Diego, CA 92103** | | | **Second Mortgage**<br><br>**Single Family Residence**<br>**30 Oak Knoll Drive, San Anselmo, CA 94960**<br><br>Value $      **Unknown** | | | | 200,000.00 | Unknown |
| Account No. **xxxxxx9592**<br><br>**Saxon**<br>**P.O. Box 161489**<br>**Fort Worth, TX 76161** | | | **First Mortgage**<br><br>**Single Family Residence**<br>**2132 6th Street, Berkeley, CA 94701**<br><br>Value $      **Unknown** | | | | 375,000.00 | Unknown |
| Account No.<br><br><br><br> | | | <br><br>Value $ | | | | | |

Sheet  1  of  1  continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | Subtotal (Total of this page) | 1,100,000.00 | 0.00 |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | 3,840,000.00 | 0.00 |

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy