UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

CARL RENOWITZKY,

        Plaintiff,

   v.

NEW PENN FINANCIAL, LLC, d/b/a SHELLPOINT MORTGAGE SERVICING, et al.

        Defendants.

No. C 15-1016 LB

**ORDER**

In September 2014, Plaintiff Carl Renowitsky filed his lawsuit in Marin County Superior Court alleging claims regarding the servicing of loans on his real property. (Notice of Removal, ECF No. 1.[1]) Defendants removed the case and thereafter moved for judgment on the pleadings. (*Id.*; Motion, ECF No. 9; Notices of Joinder, ECF Nos. 14, 15.) Mr. Renowitsky's opposition was due April 21, 2015. On April 24, 2015, Mr. Renowitsky filed a request for an accommodation because of his disabilities, which he describes, and specified the proceedings where he needs accommodation as hearings, replies, oppositions, and documents that have time constraints. (ECF No. 18.)

The court construes the request as a motion for an extension of time to file the opposition that was due on April 21, 2015, and grants Mr. Renowitsky leave to file his opposition on May 12, 2015.

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated case numbers at the tops of documents.

ORDER
C 15-1016 LB

That means in all, he will have five weeks to file an opposition. The court previously sent Mr. Renowitsky a copy of its handbook for litigants without lawyers, which provides useful guidance for appearing in federal court.

Given this timing, the Defendants may file any optional reply by May 19, 2015. The court vacates the hearing date on May 21, 2015, and sets the matter for hearing on May 28, 2015, at 9:30 a.m. As an additional accommodation, Mr. Renowitsky may appear by telephone at any hearing before the undersigned. The court notes that having filed a lawsuit, Mr. Renowitsky needs to participate in it, and that if litigants do not participate in their lawsuits, they risk dismissal of the case for failure to prosecute it. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (court may dismiss an action based on a party's failure to prosecute an action); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (setting forth five non-exhaustive factors for the court to consider).

**IT IS SO ORDERED.**

Dated: April 29, 2015

_____
LAUREL BEELER
United States Magistrate Judge