1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARL RENOWITZKY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NEW PENN FINANCIAL, LLC, D/B/A<br>SHELLPOINT MORTGAGE SERVICING,<br>et al.,<br><br>　　　　　Defendants. | Case No.　15-cv-01016-LB<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION TO REOPEN TIME TO FILE<br>AN APPEAL**<br><br>Re: ECF No. 35 |

### INTRODUCTION

The plaintiff, Carl Renowitzky, seeks to reopen the time to file an appeal in accordance with Rule 4(a)(6) of the Federal Rule of Appellate Procedure. The court denies Mr. Renowitzky's motion because he received notice within 21 days of entry of judgment and, separately, failed to timely file his motion to reopen.

### STATEMENT

Mr. Renowitzky sued the defendants in the Superior Court of California for the County of Marin on or about September 16, 2014. The defendants removed the action to this court pursuant to Sections 1331, 1441(c) and 1446 of Title 28 of the United States Code ("U.S.C.") on March 4, 2015. (Notice of Removal, ECF No. 1.) The court entered the judgment for the defendants on August 14, 2015. (Judgment, ECF No. 33.)

ORDER (No. 3:15-cv-01016-LB)

*United States District Court*
*Northern District of California*

**ANALYSIS**

**1.  Rule 4(a)(6) of the Federal Rule of Appellate Procedure**

A court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if the following three conditions are satisfied. Fed. R. App. Pro. 4(a)(6). First, the moving party did not receive notice of the entry of judgment or order sought to be appealed within 21 days after entry. Fed. R. Civ. Pro. 4(a)(6)(A). Second, the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice of the entry, whichever is earlier. Fed. R. Civ. Pro. 4(a)(6)(B). Third, no party would be prejudiced. Fed. R. Civ. Pro. 4(a)(6)(C).

Service of notice of the entry of judgment can be made through various ways including electronic means and mail. Fed. R. Civ. Pro. 5(b). Service by electronic means is complete upon transmission unless the serving party learns that it did not reach the person to be served. Fed. R. Civ. Pro. 5(b)(2)(E). Service by mail is complete upon mailing. Fed. R. Civ. Pro. 5(b)(2)(C). The Federal Rules of Civil Procedure also specify how time must be computed. When the period is stated in days or a longer unit of time, time is computed in the following manner: exclude the day of the event that triggers the period; count every day, including intermediate Saturdays, Sundays, and legal holidays; and include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. Pro. 6(a)(1). Three days need to be added after the period would otherwise expire in the case of serving by electronic means or by mailing. Fed. R. Civ. Pro. 6(d).

An attorney or a party proceeding *pro se* whose address changes while an action is pending must promptly file with the court and serve upon all opposing parties a Notice of Change of Address specifying the new address. Civil L. R. 3-11(a).

In the instant case, Mr. Renowitzky argues that he did not receive notice of the entry of judgment within 21 days after entry of judgment and therefore satisfies the first condition. The court, however, finds that the notice of the entry of judgment, together with other documents, was successfully served through the Electronic Case Files system ("ECF system") on August 14, 2015,

United States District Court
Northern District of California

the day the judgment was entered. Three days later, on August 17, the clerk also served the same documents by mail. (Certificate of Service, ECF No. 33.) Mr. Renowitzky was therefore properly served on August 14, 2015, within 21 days after entry of judgment required by Rule 4(a)(6)(A).

Mr. Renowitzky also argues that he satisfied the second condition by filing the motion to reopen the time to file an appeal within 180 days after the judgment was entered. Rule 4(a)(6)(B) requires that the movant file the motion by the *earlier of* 180 days after the judgment is entered or 14 days after the moving party receives notice of the entry. The judgment was entered on August 14, 2015 and Mr. Renowitzky received the notice of the entry of judgment on the same date. Mr. Renowitzky filed the motion on February 12, 2016, 182 days after the judgment was entered and 182 days after he received the notice of the entry of judgment. Even though the requirement of 180 day limit can be extended to 183 days pursuant to Rule 6(d) of the Federal Rule of Civil Procedure, Mr. Renowitzky missed the Rule 4(a)(6) deadline because the applicable period in this case is 14 days after receiving the notice of the entry of judgment.

Finally, Mr. Renowitzky argues that reopening the time to file an appeal would not prejudice any party. Notes of the Advisory Committee of the Rule indicate that "prejudice" "means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal." Paragraph 1 of Notes of Advisory Committee on Rules—1991 Amendment. The Notes further explain that "[p]rejudice might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal." The court, however, need not determine whether reopening the time to file an appeal will cause prejudice to the other party. Rule 4(a)(6) requires the moving party to satisfy all three requirements to reopen the time to file an appeal. Mr. Renowitzky failed to satisfy the first and the second conditions and thus the motion is denied.

**2.  5 C.F.R. § 1201.22(c) and ADA accommodation request**

Mr. Renowitzky argues that 5 C.F.R . § 1201.22(c) allows a court to reopen the time to appeal when good cause is shown. He attempts to show good cause by arguing that he filed an ADA accommodation request with the court according to Rule 1.100 of the California Rules of Court and was entitled to such accommodation. On April 24, 2015, Mr. Renowitzky filed an ADA

1   accommodation request under the California Rules of Court. The court construed the request as a

2   motion for an extension of time to file the opposition to the defendants' motion for judgment on

3   the pleadings that was due on April 21, 2015, and granted Mr. Renowitzky leave to file his

4   opposition on May 12, 2015. (ECF No. 19.) In order to extend the time to file an appeal, Mr.

5   Renowitzky needed to file a motion for extension of time. However, the court did not receive any

6   motion for extension of time to file an appeal from Mr. Renowitzky after the judgment was

7   entered and the notice of entry of judgment was served to Mr. Renowitzky.

8       The court cannot grant the motion on the basis of 5 C.F.R. § 1201.22(c). This regulation is a

9   provision in the Title 5 of the Code of Federal Regulation. It governs proceedings before the Merit

10   Systems Protection Board, an independent quasi-judicial organization that resolves issues between

11   the federal government and its employees. This provision is not applicable to civil proceedings in

12   a federal court.

13                                        **CONCLUSION**

14       Because Mr. Renowitzky failed to follow Rule 4(a)(6) of the Federal Rule of Appellate

15   Procedure to file the motion to reopen the time to file an appeal, the court denies Mr.

16   Renowitzky's motion to reopen the time to file an appeal.

17       **IT IS SO ORDERED.**

18   Dated: March 15, 2016

19                                        _____

20                                        LAUREL BEELER
                                          United States Magistrate Judge

21

22

23

24

25

26

27

28

United States District Court
Northern District of California